UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOUGLAS VERNON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:24-CV-10-KAC-JEM |
| JOHN DOE #1, et al., | ) |
| Defendants. | ) |

## ORDER TO SHOW CAUSE

On January 11, 2024, Plaintiff, who is proceeding pro se, filed a Complaint [Doc. 1]. In his Complaint, Plaintiff states that the Court "has federal jurisdiction of this action based on the diversity of citizenship, and the amount of relief sought" [Doc. 1 at 2]. Elsewhere in his Complaint, though, Plaintiff alleges that he "was arrested [] because of his speech"; that Defendant John Doe #2 "made false charges and affidavit of such against" Plaintiff; that Plaintiff "was searched, and his property was searched and seized without consent"; that his "arrest and imprisonment" and "punishment for his speech" were "unlawful"; and that Defendants Russell and Collins unlawfully held his property after his arrest [*See id.* at 2]. He also alleges "that actions of defendants are outside their qualified immunity" [*Id.* at 3]. Based on Plaintiff's Complaint [Doc. 1], the Court is unable to determine what claims Plaintiff seeks to bring against Defendants and what basis for federal jurisdiction Plaintiff seeks to exercise.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations

omitted).  This Court has an independent obligation to ensure that it has jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also In re Flint Water Cases*, 63 F.4th 486, 497 (6th Cir. 2023).

There are two (2) distinct statutory bases of jurisdiction that might be relevant here.  ***First***, 28 U.S.C. § 1332 states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" "citizens of different states."  28 U.S.C. § 1332(a)(1).  ***Second***, 28 U.S.C. § 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see, e.g.*, 42 U.S.C. § 1983.

As the party seeking to assert jurisdiction, Plaintiff has the burden of establishing that the Court has jurisdiction over his action.  But the allegations of the Complaint are unclear.  Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** as to why this Court has jurisdiction over this action.  Specifically, Plaintiff **MUST IDENTIFY** whether he is asserting jurisdiction under Section 1331 or Section 1332.  Plaintiff **MUST** respond to this Order within **<u>twenty-one (21) days of entry</u>**.  A failure to timely respond will result in dismissal of this action. *See* Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court").

SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge