# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS VERNON, <br> Living man of the Mashek family, <br><br> Plaintiff, <br> vs. <br><br> ZACHARY ANDREW AYOTTE, <br> JOHN DOE TWO, <br> JOHN DOE THREE, <br> VOLUNTEER TOWING, LLC <br> DONISHA RUSSELL, and <br> KERI COLLINS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:24-CV-10-KAC-JEM |

## MOTION TO DISMISS

Comes the Defendant, Volunteer Towing, LLC, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court for an Order dismissing the cause of action for failure to state a claim upon which relief can be granted.

For cause, the Defendant would show as follows:

1. The Plaintiff, Douglas Vernon, filed an "Amended Claim," in the United States District Court for the Eastern District of Tennessee, which, in an abundance of precaution, the Defendant is treating as a formal Complaint.

2. A summons was issued by the United States District Court for the Eastern District of Tennessee on or about May 7, 2024.

3. The Defendant was served with the aforementioned summons on or about May 29, 2024.

4. In the "Amended Claim," the Plaintiff has failed to state a claim upon which relief can be granted, which allows the Court to "terminate lawsuits that are fatally flawed

in their legal premises and destined to fail." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d. 1157, 1160 (Fed. Cir. 1993).

5. Under Fed. R. Civ. P. R. 8(a),

    A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader in entitled to relief; and,
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

6. In the present matter, the Plaintiff has simply asserted that the Plaintiff's vehicle and property therein were taken by "Tow Truck Driver" and delivered to the City of Knoxville impound lot.

7. Due to the arrest of the Plaintiff for numerous legal violations, the Defendant was required to tow the Plaintiff's abandoned vehicle to the City of Knoxville impound lot.

8. The Plaintiff has failed to include any allegation of wrongdoing by the Defendant, nor any such claim that would entitle him to relief in the present matter.

9. Under *Neitzke v. Williams*, [a] claim will fail this inspection if it asserts a legal theory that is not cognizable as a matter of law." 490 U.S. 319, 326-27.

10. The Plaintiff's "Amended Claim" against the Defendant must be dismissed as a matter of law.

WHEREFORE, the Defendant, Volunteer Towing, LLC moves this Honorable Court for an Order dismissing the cause of action filed herein against them, and that they be awarded any associated court costs and attorney fees including, but not limited to, Rule 11 sanctions for the filing of frivolous litigation in this matter.

Respectfully submitted this 20th day of June, 2024.

/s/ T. Scott Jones
T. Scott Jones, BPR# 014682
Attorney for Defendant
BANKS & JONES
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
scottjones@banksandjones.com

**CERTIFICATE OF SERVICE**

I, hereby certify that a true and exact copy of the foregoing Motion has been mailed by U.S. Mail, facsimile, postage prepaid or by hand delivery to:

Douglas Vernon
1116 Irwin Rd.
Powell, TN 37919

This the 20th day of June, 2024.

/s/ T. Scott Jones, Esq.