IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| **DOUGLAS VERNON MASHEK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case #: 3:24-cv-00010-KAC-JEM |
| ) | |
| **JOHN DOE TWO, JOHN DOE** ) | |
| **THREE, TOW TRUCK DRIVER,** ) | |
| **VOLUNTEER TOWING, LLC, and** ) | |
| **DONISHA RUSSELL,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT DONISHA RUSSELL

In support of her Motion for Judgment on the Pleadings [Doc. 33], Defendant Donisha Russell ("Russell") submits the following Memorandum of Law:

### INTRODUCTION

Plaintiff Douglas Vernon Mashek ("Mashek" or "Plaintiff") has sued several Defendants arising out of his alleged unlawful arrest and the towing and impoundment of his vehicle on January 9, 2023.[1] All claims asserted against Russell should be dismissed. First, any allegations in the "Amended Claim" [Doc. 8] ("Complaint") that can be construed as asserting a claim under 42 U.S.C. § 1983 for the violation of the Plaintiff's Fourth Amendment rights fail as a matter of law as barred by the one-year statute of limitations, and for the additional reason that Mashek has failed to state a claim that the seizure of his vehicle violates the Fourth Amendment. Second, the Complaint fails to allege the essential elements to state a claim of conversion under Tennessee law. Moreover, the Plaintiff cannot meet his burden of establishing that Russell is not entitled to

---

[1] Mashek's vehicle was impounded for approximately 8 days, having been released to him on January 17, 2023 [*See* Doc. 8-1 at p. 8].

qualified immunity, assuming, *arguendo*, that Russell violated his Fourth Amendment rights or committed a conversion against him. Accordingly, Russell is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Complaint, failing to allege any set of facts in support of Mashek's claims against Russell that would entitle him to relief, and there being no material issue of fact, must be dismissed.

## RELEVANT FACTUAL BACKGROUND

As alleged in the Complaint,[2] the Plaintiff was arrested and taken into custody on January 9, 2023[3] following a traffic stop involving charges against him for violations of multiple motor vehicle laws as set forth in Title 55 of the Tennessee Code [Doc. 8 at p. 2; Doc. 8-2], including violation of the state's registration laws, T.C.A. § 55-4-104 [Doc. 8-2 at pp. 7-8]. The Plaintiff's vehicle and the personal property contained within were transported by a tow truck to the City of Knoxville's vehicle impound lot located at 3407 Vice Mayor Jack Sharp Road, Knoxville, Tennessee [Doc. 8 at p. 3]. At some time after the Plaintiff's release from custody the following day [Doc. 8 at p. 2], Russell, an impound supervisor [Doc. 8-1 at p. 7], "refused to turn over" his vehicle without providing "registration and other paperwork." [Doc. 8 at p. 3].

This action was filed on January 11, 2024 [*See* Doc. 1]. As pertinent to Russell, the Plaintiff brings the lawsuit purporting to assert a claim for the violation of his Fourth Amendment rights and a state law claim for conversion arising from the seizure of his vehicle [Doc. 8 at pp. 3-4]. Russell filed her answer to the Complaint on June 20, 2024 [Doc. 18] and

---

[2] By hereinafter restating and summarizing the Plaintiff's allegations in the following manner, Russell is not admitting or stipulating that any of such allegations are true but is merely restating and summarizing the Plaintiff's allegations.

[3] There is an apparent typographical error in the Complaint, which identifies the Plaintiff's date of arrest as January 9, 2022 [Doc. 8 at p. 2]. Indeed, the dates shown on the various exhibits attached to the Complaint [Doc. 8-1 at pp. 3-8; Doc. 8-2] establish that the Plaintiff's arrest occurred on January 9, 2023.

now seeks judgment on the pleadings and the dismissal of this action with prejudice. Because the Plaintiff cannot state a claim against Russell under any legal theory and she is entitled to judgment as a matter of law, this Court should dismiss Russell as a Defendant in this lawsuit.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6). *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). In reviewing a motion for judgment on the pleadings, courts construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him to relief. *Id.* Thus, the court must determine whether the allegations establish that the movant is entitled to judgment as a matter of law. *Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x. 864, 868 (6th Cir. 2016). "A party's Rule 12(c) motion is properly granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)).

Although all the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion under Rule 12(c), the court looks at the pleadings, which includes both the complaint and the answer and a copy of any written instrument which is an exhibit to a

3

pleading. *See* Fed. R. Civ. P. 7(a) and 10(c); *Kyrkanides v. Univ. of Kentucky*, 2020 U.S. App. LEXIS 24014, at *5 (6th Cir. July 29, 2020) (stating that in considering a motion to dismiss, a court may consider, among other things, exhibits attached to the complaint).

It follows therefore that in this case, although some of the facts before the Court come from the documents the Plaintiff filed as an exhibit to the Complaint [Docs. 8-1, 8-2], the Court may properly consider these documents as part of the pleadings without treating the instant motion as one for summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure.

## ARGUMENT

### A. Plaintiff's Claim Based on Russell's Alleged Unlawful Withholding of His Vehicle Must Be Dismissed as the Statute of Limitations Bars the Claim, and Plaintiff's Allegations Fail to Establish That Russell Violated His "Clearly Established" Constitutional Rights

The Plaintiff asserts that he is entitled to a judgment for damages against Russell "for the unlawful . . . withholding of his . . . property" [Doc. 8 at p. 4] which allegedly violated "[his] 4th Amendment rights." [Doc. 23 at p. 2]. The Plaintiff's claim is both barred by the one-year statute of limitations and misconstrues the protections afforded by the Fourth Amendment under the facts alleged in this case. As set forth below, no material issue of fact exists as to this claim, and Russell is entitled to judgment as a matter of law.

Though not specifically cited in the Complaint, Russell interprets Plaintiff's claim for the alleged violation of his Fourth Amendment rights as a claim brought pursuant to 42 U.S.C. § 1983. The statute of limitations for § 1983 claims pursued in Tennessee is one year. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). And it "begins to run . . . 'when plaintiffs knew or should have known of the injury which forms the basis of their claims.'" *Beebe v. Birkett*, 749 F.Supp.2d 580, 595-96 (E.D. Mich. 2010) (quoting *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)). "[T]he event that should have alerted the typical lay person to protect his or her rights"

4

triggers the running of the statute of limitations. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

The primary focus of the Complaint is that Mashek's arrest and the seizure of his vehicle violated the Fourth Amendment. However, the statute of limitations for a claim based on these events accrued January 9, 2023, with the Plaintiff's arrest and the seizure of his vehicle. *Goff v. Monroe*, 2024 U.S. Dist. LEXIS 16212, at *7 (E.D. Mich. Jan. 30, 2024); *Hornblack v. Lexington-Fayette Urban County Government*, 905 F.Supp.2d 747, 749 (E.D. Ky. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)).

The Plaintiff alleges that Russell's requirements for releasing the vehicle, i.e., that he provide registration and other paperwork, violated his Fourth Amendment rights. Even if Russell's conduct violated the Fourth Amendment, which is strenuously denied, Mashek's § 1983 cause of action is tied to his arrest and the seizure of the vehicle. Both events occurred on January 9, 2023. Because the Plaintiff did not file suit until January 11, 2024, the one-year statute of limitations bars his § 1983 claim.

It is wholly immaterial whether Russell allegedly told the Plaintiff about the requirements for obtaining his vehicle at some later date, and/or that Mashek did not obtain the release of his vehicle until January 17, 2023. As the district court for the Western District of Tennessee recently held, confronted with similar facts, the Plaintiff's cause of action accrued on January 9, 2023, the day he was arrested, and his vehicle was initially seized. *Arnold v. City of Crump*, 2019 U.S. Dist. LEXIS 146582, at **6-7 (W.D. Tenn. June 20, 2019) (report and recommendation adopted, 2019 U.S. Dist. LEXIS 145456 (W.D. Tenn. Aug. 27, 2019)).

The *Arnold* Court specifically noted that in the case of a police seizure of a vehicle, it is the illegal seizure that triggers the claim, even though *the effects* of those police actions may

have continued, and that courts must take note of the "subtle difference between a continuing violation and a continuing effect of a prior violation." *Id.* at *7; *see also Goff*, 2024 U.S. Dist. LEXIS 16212, at **7-8 ("Plaintiffs have not alleged a continuous Fourth Amendment violation; the City Defendants' retention of Plaintiffs' property is more aptly characterized as a continual 'ill effect' resulting from the search and seizure – the alleged violative act ended the same day it began."). As the plaintiffs' § 1983 claim in *Arnold* began to run on May 29, 2017, the day their vehicle was seized, their claims were barred by the statute of limitations where their lawsuit was filed on November 19, 2018. *Arnold*, 2019 U.S. Dist. LEXIS 146582, at *7.[4]

The same is true in this case. The Plaintiff's vehicle was lawfully seized on January 9, 2023, though he did not file this action until January 11, 2024. His § 1983 claim is thus barred by the one-year statute of limitations, and Russell is entitled to judgment as a matter of law.

Notwithstanding this analysis, the Plaintiff's § 1983 claim must be dismissed as he has failed to state a claim that Russell's alleged withholding of his vehicle violates the Fourth Amendment. Where warranted, the doctrine of qualified immunity shields a public official, sued in her individual capacity, from suit under § 1983. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Under the familiar test for qualified immunity, a public official is immune from suit unless the plaintiff establishes: (1) a constitutional violation; and (2) that the right at issue was 'clearly established' when the event occurred." *Gordon v. Bierenga*, 20 F.4th 1077, 1082 (6th Cir. 2021) (citation omitted); *see also Pearson*, 555 U.S. at 231. "If either [prong] is not satisfied, qualified immunity will shield the [official] from civil damages." *Gordon*, 20 F.4th at

---

[4] Like this case, the plaintiffs in *Arnold* alleged that a defendant city official refused their efforts to obtain the vehicle – requiring proof of proper registration of the vehicle – after the date of the initial seizure of the vehicle. *Id.* at *6.

6

1082 (citing *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013)). Here, the Plaintiff's allegations fail to establish that Russell violated his Fourth Amendment rights.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "What the Fourth Amendment does not protect is a return of property *already seized*." *Krueger v. City of Eastpointe*, 452 F. Supp. 3d. 679, 686 (E.D. Mich. 2020), aff'd, *Shandor v. City of Eastpointe*, 2021 U.S. App. LEXIS 30977 (6th Cir. Oct. 13, 2021) (emphasis in original). Stated differently, the Fourth Amendment protects a person's interest in retaining possession of property, but not the interest in regaining possession of property. *Id.* While an individual may generally challenge the legality of the initial seizure of his property, he may not "recast the holding of property as a continued or recurring seizure." *Id.* After all, "[t]he Fourth Amendment covers seizures, not the sustained possession of property." *Id.* at 688.

As a preliminary matter, it cannot be rationally debated that the initial seizure of Mashek's vehicle and other property comports with the Fourth Amendment. It is axiomatic that police officers may move an arrestee's car without violating the Fourth Amendment. *United States v. Ballard*, 432 Fed. App'x 553, 557 (6th Cir. 2011); *United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994); *Krueger*, 452 F. Supp. 3d at 687; *Tuell v. McCormick*, 2015 U.S. Dist. LEXIS 104552, **14-15 (M.D. Tenn. Aug. 7, 2015); *see also South Dakota v. Opperman*, 428 U.S. 364, 369 (1976) ("The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."). Officers need only to have acted reasonably under the circumstances. *Collins v. Nagle*, 892 F.2d 489, 494 (6th Cir. 1989). Moreover, in *Lee v. Ladd*, 834 S.W.2d 323 (Tenn. Ct. App. 1992), the Tennessee court of appeals held that it is reasonable for an officer to seize and impound a car for violation

of the state's registration laws. *Id.* at 327. The same logic applies in this case. The seizure of the Plaintiff's vehicle plainly did not violate the Fourth Amendment where he was found to be driving without a license and in violation of the state's registration laws and its financial responsibility law [Doc. 8-2].

In any event, as the cases cited above make clear, the holding of Plaintiff's vehicle after January 9, 2023 and Russell's alleged withholding of it pending the review of documentation necessary to establish that the Plaintiff was authorized to recover and operate the vehicle are not separate and distinct "seizures" under the Fourth Amendment for which he may recover under § 1983. *Krueger*, 452 F. Supp. 3d at 688. Accordingly, the Complaint does not state a claim demonstrating a constitutional violation, and Plaintiff's § 1983 claim against Russell fails as a matter of law and must be dismissed.

Furthermore, assuming, *arguendo*, that the allegations involving Russell could be construed as a violation of Mashek's constitutional rights, and are not barred by the statute of limitations, Russell is entitled to qualified immunity. The Plaintiff has failed to allege and cannot demonstrate, as is his burden, a violation of his "clearly established" constitutional rights under the circumstances.[5] The alleged unlawfulness of Russell's actions would simply not be apparent to a reasonable public official in like circumstances. Indeed, there is no prior case which would have alerted Russell that she was required to allow an individual to obtain the release of a vehicle after it was impounded without providing proof of vehicle ownership and registration under the circumstances. In the absence of existing precedent clearly establishing the constitutional

---

[5] Additionally, as with the Plaintiff's § 1983 claim, Russell is entitled to qualified immunity as to his state law claim of conversion. In particular, the Plaintiff cannot demonstrate that Russell committed a clearly established state tort violation. *See Hammond-Beville v. Landis*, 2022 WL 910569, at **4-5 (6th Cir. 2022) (analyzing state-law qualified immunity defense pursuant to *Youngblood v. Clepper*, 856 S.W.2d 405 (Tenn. Ct. App. 1993)); *Luna v. White County*, 2015 WL 4119766, **4-6 (Tenn. Ct. App. June 29, 2015).

guarantees of which the Plaintiff alleges Russell violated, the Plaintiff has not met his burden as to the second prong of qualified immunity. Thus, for this additional reason, Russell is entitled to qualified immunity and judgment on the pleadings as to the Plaintiff's § 1983 claim.

### B. Plaintiff's Claim for Conversion Must Be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted

The Complaint states that Russell's alleged refusal to release the Plaintiff's vehicle to him is "unlawful conversion" [Doc. 8 at p. 3]. As the Plaintiff acknowledges [Doc. 23 at p. 3], the Complaint is devoid of any allegation that Russell used his property for her own use and benefit.

For the Plaintiff to make out a claim of conversion, he must allege and prove the following: (1) the appropriation of another's property to one's own use and benefit; (2) by the intentional exercise of dominion over it; and (3) in defiance of the true owner's rights. *Wilkerson v. City of Chattanooga*, 2010 U.S. Dist. LEXIS 69426, at *41 (E.D. Tenn. July 12, 2010).

Here, the conversion claim should be dismissed as the Complaint fails to allege the essential elements to state a claim of conversion under Tennessee law. As the Plaintiff concedes, the Complaint does not set forth any allegation that Russell appropriated his vehicle and other property for her own use and benefit, which alone warrants dismissal of the claim. *United Pet Supply, Inc. v. City of Chattanooga*, 921 F. Supp. 2d 835, 863 (E.D. Tenn. 2013); *Wilkerson*, 2010 U.S. Dist. LEXIS 69426, at *42; *Ibarra v. Barrett*, 2007 U.S. Dist. LEXIS 29143, at **51-52 (M.D. Tenn. April 19, 2007); *see also Shandor*, 2021 U.S. App. LEXIS 30977, at **13-14 (applying Michigan law). Additionally, the Plaintiff cannot establish that Russell acted in contravention of any of the Plaintiff's rights. As discussed previously, the Plaintiff's vehicle was lawfully seized and impounded in accordance with state and federal law following his arrest for

9

driving without a license and for violating the state's registration and financial responsibility laws. As such, Russell is entitled to judgment as a matter of law on the conversion claim, and the same must be dismissed with prejudice.

WHEREFORE, based on the above, Defendant Donisha Russell moves for the entry of an order granting her judgment on the pleadings and dismissing this action against her with prejudice, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Respectfully submitted, this 6th day of February, 2025.

/s/ John M. Kizer
John M. Kizer (TN BPR #029846)
Gentry, Tipton & McLemore, P.C.
P.O. Box 1990
Knoxville, Tennessee 37901
(865) 525-5300
jmk@tennlaw.com
Counsel for Defendant Donisha Russell

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt. All other parties, including the Plaintiff, whose address is listed below, will be served a copy by regular U.S. Mail. This filing may be accessed through the Court's electronic filing system.

Douglas Vernon Mashek
1116 Irwin Road
Powell, Tennessee 37849

/s/ John M. Kizer
John M. Kizer