UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOUGLAS VERNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:24-CV-10-KAC-JEM |
| ) | |
| JOHN DOE #1, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Volunteer Towing, LLC's "Motion to Dismiss" [Doc. 17]. Plaintiff, who is proceeding pro se, filed an Amended Complaint [Doc. 8]. Thereafter, Defendant Volunteer Towing filed the instant Motion requesting dismissal of the claim(s) against it "pursuant to Rule 12(b)(6)," and an award of "court costs and attorney fees" [*See* Doc. 17 at 1, 2]. For the below reasons, the Court (1) grants Defendant Volunteer Towing's request to dismiss the claim(s) against it but (2) denies its request for an award of costs and fees.

*First*, under Federal Rules of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hasanaj v. Detroit Pub. Sch. Cmty. Dist.*, 35 F.4th 437, 447 (6th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quotation omitted). The Supreme Court has instructed that a pro se complaint is to be held to a less stringent standard than a formal pleading drafted by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the leniency granted to a pro se plaintiff "is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Even under this lenient standard, a pro se plaintiff must meet basic pleading requirements. *Id.*; *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510

(6th Cir. 2011) (explaining that it is not the role of the court to "advis[e] litigants as to what legal theories they should pursue").

Here, Plaintiff's Amended Complaint fails to include "sufficient factual matter" that could state a claim as to Defendant Volunteer Towing. *See Hasanaj*, 35 F.4th at 447. In fact, the Amended Complaint does not contain ***any*** factual allegations regarding Defendant Volunteer Towing [*See* Doc. 8]. Plaintiff points to Paragraph 15 of his Amended Complaint as the relevant factual allegations, but that paragraph alleges only that "John Doe Two and John Doe Three," two other defendants in this action, "assisted in the arrest and search and seizure of the Claimant and Claimant's property" [*See id.* ¶ 15]. There are no factual allegations in that paragraph about Defendant Volunteer Towing. With no factual allegations regarding Defendant Volunteer Towing in the Amended Complaint, the Amended Complaint fails to state a claim against Defendant Volunteer Towing. *See* Fed. R. Civ. P. 12(b)(6); *see also Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendant[] w[as] personally involved" in some alleged wrongful conduct). Accordingly, the Court grants this portion of Defendant Volunteer Towing's Motion to Dismiss [Doc. 17] and drops Defendant Volunteer Towing, LLC from this action.

***Second***, without citing legal authority, Defendant Volunteer Towing requests that it be awarded "court costs and attorney fees" [Doc. 17 at 2].[1] Tennessee generally follows the "American Rule" that Parties pay their own attorney's fees and costs. *See Cracker Barrel Old*

---

[1] Defendant Volunteer Towing also requests "Rule 11 sanctions for the filing of frivolous litigation in this matter" [*Id.*]. But that request is procedurally defective, so the Court denies it. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)").

2

*Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). And Defendant Volunteer Towing provides no legal authority persuading the Court against applying the American Rule here. Defendant Volunteer Towing's Motion to Dismiss is short and efficient [*See* Doc. 17]. Defendant moved to dismiss early in this litigation, and there is no evidence that Volunteer Towing has spent a significant or unreasonable amount of resources on this litigation so far. Because Defendant Volunteer Towing has not established an entitlement to attorney's fees and costs, the Court denies that unsubstantiated request at this time.

Accordingly, the Court **GRANTS in PART** and **DENIES in PART** Defendant Volunteer Towing, LLC's "Motion to Dismiss" [Doc. 17]. The Court **DISMISSES** Plaintiff's claim(s) against Defendant Volunteer Towing, LLC and **DROPS** Defendant Volunteer Towing, LLC from this action.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge