UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DOUGLAS VERNON MASHEK,        )
                              )
            Plaintiff,        )
                              )
v.                            )        3:24-CV-10-KAC-JEM
                              )
DONISHA RUSSELL,              )
                              )
            Defendant.        )
                              )

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION**

This action is before the Court on (1) Defendant Donisha Russell's "Motion for Judgment on the Pleadings" [Doc. 33] and (2) Plaintiff Douglas Vernon Mashek's pro se "Response," which includes a request in the alternative to "amend his claim," [*see* Doc. 37 at 5]. For the reasons below, the Court (1) grants Defendant's Motion [Doc. 33], (2) denies Plaintiff's request to amend as futile, and (3) dismisses this action.

**I.   Background**

According to Plaintiff's Amended Complaint, in January 2023, "Tow Truck Driver" towed Plaintiff's vehicle and "delivered" it to a "City of Knoxville impound lot" [*See* Doc. 8 ¶¶ 12, 19]. The Court infers that the City of Knoxville impound lot is run by the City of Knoxville, a state actor. Defendant, who presumably worked at the "City of Knoxville impound lot," "refused to turn over Claimant's property to claimant without Claimant providing her without [sic] registration and other paperwork" [*Id.* ¶¶ 19, 20].

Following the incident, Plaintiff sued several Defendants [Doc. 8]. Only Defendant Russell remains [*See* Docs. 30, 39, 44]. The Amended Complaint asserts that she (1) "unlawful[ly]"

1

"seiz[ed]" Plaintiff's "property" in violation of the "Fourth Amendment" and (2) "committed" "unlawful conversion" [Doc. 8 ¶¶ 17, 22].

Defendant moves to dismiss this action under Rule 12(c) [*See* Doc. 33 at 1]. She argues, among other things, that she is "entitled to qualified immunity" for Plaintiff's Section 1983 claim and that Plaintiff fails to state a claim for conversion [Doc. 34 at 8, 9]. Plaintiff responded, asking the Court to deny Defendant's Motion "or in the alternative, allow Claimant to further amend his claim with more specific and direct language as to the actions of Russell and specific wrongdoings possibly applicable" [Doc. 37 at 5]. Defendant opposed Plaintiff's alternative request to amend, arguing that Plaintiff failed to comply with the Court's local rules and that permitting amendment would separately be futile [*See* Doc. 41 at 1-2].

II.     **Analysis**

   **A. Defendant is Entitled to Judgment on the Pleadings.**

Under Rule 12(c), "a party may move for judgment on the pleadings" once "the pleadings are closed." *See United Food & Com. Workers, Local 1995 v. Kroger, Co.*, 51 F.4th 197, 202 (6th Cir. 2022) (citing Fed. R. Civ. P. 12(c)). With one caveat not applicable here, a court assesses a Rule 12(c) motion "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *See id.* (quotation omitted). Therefore, to survive Defendant's Rule 12(c) motion, the Amended Complaint must "contain[] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded factual allegations in the complaint as true, and draw[s] all reasonable inferences in favor of the plaintiff." *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021) (quoting *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)). "A claim has facial

plausibility" if the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *FedEx Ground Package Sys., Inc. v. Route Consultant, Inc.*, 97 F.4th 444, 452 (6th Cir. 2024) (citation and quotations omitted).

The Supreme Court has instructed that courts should hold pro se pleadings to a "less stringent standard[] than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But a pro se plaintiff is "not exempt from 'basic pleading essentials.'" *Townsend v. Guidance Ctr.*, No. 24-1187, 2024 WL 5454757, at *1 (6th Cir. Oct. 2, 2024) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Where the "validity" of a qualified immunity defense is "apparent from the face of the complaint," the Court should grant a Rule 12 motion. *See Crawford v. Tilley*, 15 F.4th 752, 763 (6th Cir. 2021) (citing *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 762 (6th Cir. 2020)).

To start, Plaintiff's Section 1983 claim fails because Defendant is entitled to qualified immunity. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a federal right. *See* 42 U.S.C. § 1983. The Court generously infers, to Plaintiff's benefit, that Defendant was acting under color of state law when she allegedly deprived him of his Fourth Amendment rights.[1] Otherwise, he would have no Section 1983 claim.

But the doctrine of "[q]ualified immunity shields government officials in the performance of discretionary functions" from "civil liability unless their actions violate clearly established rights." *See, e.g.*, *Josephson v. Ganzel*, 115 F.4th 771, 783 (6th Cir. 2024) (citation omitted). "[T]o determine whether an official is entitled to qualified immunity," the Court applies "a two-prong

---

[1] Defendant does not protest [*See* Doc. 34 at 6].

test." *Burnett v. Griffith*, 33 F.4th 907, 911 (6th Cir. 2022). **First**, the Court "questions whether the facts, 'taken in the light most favorable to the party asserting the injury, . . . show that the officer's conduct violated a constitutional right.'" *Id.* (quoting *Jones v. Clark Cnty.*, 959 F.3d 748, 766 (6th Cir. 2020)). **Second**, the Court determines whether the right "was clearly established at the time of the alleged violation." *Bambach v. Moegle*, 92 F.4th 615, 623 (6th Cir. 2024). The Court "may resolve a qualified immunity defense under" either prong. *Cunningham v. Blackwell*, 41 F.4th 530, 536 (6th Cir. 2022) (citing *Pearson v. Callahan*, 555 U.S. 223, 234 (2009)).

Here, because the Amended Complaint fails to allege a violation of a Fourth Amendment right that was clearly established in January 2023, Defendant is entitled to qualified immunity. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation omitted); *see also Ramsey v. Rivard*, 110 F.4th 860, 866 (6th Cir. 2024) (quotation omitted). The Court considers the law "at the time of the challenged conduct." *See Campbell v. Riahi*, 109 F.4th 854, 860 (6th Cir. 2024) (citing *Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)). In January 2023, there was no clearly established Fourth Amendment right for a state official to give a towed vehicle to an individual without requiring proof of ownership or other authorization to possess the vehicle. Thus, Defendant is entitled to qualified immunity on the Section 1983 claim.

Further, the Amended Complaint fails to state a claim for conversion under Tennessee law.[2] To state a conversion claim, Plaintiff must allege, among other things, "the appropriation of" his

---

[2] A federal court "exercising supplemental jurisdiction" over a state law claim "is bound to apply the law of the forum state to the same extent as if it were exercising diversity jurisdiction." *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999) (citation omitted); *see also Jones v. City of Elyria*, 947 F.3d 905, 912 (6th Cir. 2020). For tort claims, such as conversion, Tennessee applies "the law of the state where the injury occurred" "unless some other state has a

property to another's "own use and benefit." *See, e.g.*, *Am. Bank, FSB v. Cornerstone Cmty. Bank*, 733 F.3d 609, 614 (6th Cir. 2013) (quotation omitted); *see also Family Tr. Servs. LLC v. Green Wise Homes LLC*, 693 SW.3d 284, 306 (Tenn. 2024) (quotation omitted). Because the Amended Complaint includes no facts from which the Court could plausibly infer that Defendant appropriated the relevant vehicle to her "own use and benefit," it fails to state a claim for conversion. *See Am. Bank, FSB v. Cornerstone Cmty. Bank*, 733 F.3d at 614 (6th Cir. 2013).

### B. The Court Denies Plaintiff's Alternative Request To Amend Because It Would Be Futile.

At the outset, Plaintiff failed to comply with Local Rule 15.1 by "attach[ing] a copy of the proposed amended pleading" to his request to amend. *See* E.D. Tenn. L.R. 15.1. That alone "may be grounds for denial" of his request. *See id.* But his request does show that his proposed amendment would be to include "more specific and direct language" regarding "the actions of Russell and specific wrongdoing possibly applicable" [Doc. 37 at 5].

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The Court may, however, deny a motion to amend if amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Causey v. Dore*, No. 21-1406, 2021 WL 5904090, at *4 (6th Cir. Dec. 14, 2021) (citation omitted). Amendment would be futile "when, after including the proposed changes," the amended complaint still would not state a claim for relief. *See Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (citation omitted). That is the case here. No "more specific and direct language" would change the outcome of this case [*See* Doc. 37 at 5]. The Court has already

---

more significant relationship to the litigation." *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Plaintiff's alleged injury occurred in Tennessee, and no Party has identified a state with a more significant relationship, so Tennessee law applies. *See id.*

construed all of the facts and "language" liberally in Plaintiff's favor and given him the benefit of all inferences that can reasonably be drawn from those facts and "language." *See Anders*, 984 F.3d at 1174. Therefore, amendment to include "more specific and direct language" would be futile.

### III.     Conclusion

Accordingly, the Court (1) **GRANTS** Defendant's "Motion for Judgment on the Pleadings" [Doc. 33], (2) **DENIES** Plaintiff's request to amend, [*see* Doc. 37 at 5], and (3) **DISMISSES** Plaintiff's claims against Defendant Donisha Russell. Because no claims remain in this action, an appropriate judgment shall enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge